DOMINICA C. ANDERSON (SBN 2988)
TYSON E. HAFEN (SBN 13139)
**DUANE MORRIS LLP**
100 North City Parkway, Suite 1560
Las Vegas, NV 89106-4617
Telephone: +1 702 868 2655
Facsimile: +1 702 993 0722
Email: dcanderson@duanemorris.com
tehafen@duanemorris.com

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

JOSEPH SIMKINS,

Plaintiff,

v.

WRIGHT MEDICAL TECHNOLOGY, INC., a
Delaware Corporation,

Defendant.

CASE NO.: 2:25-cv-01616-CDS-MDC

**MOTION TO AMEND CASE DEADLINES**

**(First Request)**

Defendant Wright Medical Technology, Inc. ("Defendant") pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, Local Rules IA 6-1 and 26-3, and this Court's October 29, 2025, Scheduling Order (ECF 16), moves the Court to amend the Court's October 29, 2025, Scheduling Order, by extending the remaining deadlines by one hundred and twenty (120) days. In support of the Motion, Defendant states the following:

1.      With its October 29, 2025, Scheduling Order, the Court set the following case management deadlines:

October 31, 2025: Initial Disclosures

March 3, 2026: Amendments To Pleadings And Motions To Add New Parties

April 2, 2026: Disclosure of Plaintiff's Experts And Their Reports

May 15, 2026: Disclosure of Defense Experts And Their Reports

June 1, 2026: Disclosure of Rebuttal Experts And Their Reports

July 1, 2026: Discovery Cut-Off Date

August 1, 2026: Dispositive Motions

2.      Since the time of the Court's October 17, 2025, Scheduling Order, the Defendant and Plaintiff Joseph Simkins ("Plaintiff," and together with Defendant, the "Parties") have exchanged written discovery and began records collection.  Plaintiff served his expert disclosures on April 26, 2026, approximately three weeks after the Court's April 2, 2026, deadline.

3.      Absent an extension of deadlines, Defendant will be prejudiced by Plaintiff's untimely service of expert reports, as Defendant will have only two weeks to prepare and serve expert reports on complex biomechanical engineering and medical issues.[1]

4.      Further, the Parties are now planning to pursue settlement discussions over the next few months.  If successful, the Parties hope to resolve this dispute without further litigation.

5.      Accordingly, good cause exists to amend the Scheduling Order to avoid prejudice to Defendant, to provide the Parties with additional time to pursue settlement discussions, and to extend remaining discovery and dispositive motion deadlines correspondingly.  This request is not for purposes of delay, but to streamline the Parties' work in this case and to attempt a settlement of this dispute without further litigation.

6.      This is the first request for an extension of the case management deadlines in this matter.

7.      Defendant has conferred with Plaintiff, and Plaintiff does not oppose the request for an extension of deadlines.

WHEREFORE, Defendant respectfully requests that the Court extend all remaining deadlines set forth in the current Scheduling Order by one hundred and twenty (120) days to avoid prejudice to Defendant and to allow for settlement discussions, as set forth below.

September 12, 2026: Disclosure of Defense Experts And Their Reports

September 29, 2026: Disclosure of Rebuttal Experts And Their Reports

October 29, 2026: Discovery Cut-Off Date

November 29, 2026: Dispositive Motions

---

[1] Although it is Defendant's intent to work cooperatively with Plaintiff on moving this matter forward, if the Court is unwilling to grant the extension of time requested, Defendant moves in the alternative to strike Plaintiff's expert reports as untimely as Defendant would otherwise be prejudiced if required to served expert reports under a truncated schedule caused by Plaintiff's untimely service.

DATED: May 5, 2026

**DUANE MORRIS LLP**

By:    /s/ Tyson E. Hafen
       Tyson E. Hafen

       *Attorneys for Defendant,*
       *Wright Medical Technology, Inc.*

## ORDER

The foregoing unopposed motion to extend pretrial deadlines is **GRANTED**. In the future, the parties must file stipulations if an extension request is not disputed. Discovery stipulations are routed differently and typically processed quicker than motions. Plaintiff has an obligation to cooperate in the stipulation process, particularly where the extension is necessitated by its failure to meet a deadline.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier
UNITED STATES MAGISTRATE JUDGE

DATED: June 12, 2026 _____

3